COUNTY OF HENNEPIN *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

July 8, 1885.

Taxation of Railroad Property—Land Conveyed to Railroad Company in July.—The statute providing that "the taxes assessed upon real property shall be a lien thereon from and including the first day of May in the year in which they are levied until the same are paid," has no application to lands conveyed to the St. Paul, Minneapolis & Manitoba Railway Company in July, before the taxes for the year are assessed upon such land; but to land thus acquired at such time the 3 per cent. commutation provision found in defendant's charter applies, and supersedes the right to assess the land *in specie*.

In proceedings in the district court for Hennepin county to enforce payment of the taxes for the year 1882, application was made for judgment against certain land owned by the defendant railway company. Upon the application, made before *Young*, J., the defendant appeared and objected, upon the ground that the land was conveyed to it on July 5, 1882. This the court found to be the fact, and ordered judgment for defendant, from which judgment the plaintiff appeals.

*F. F. Davis*, for appellant.

*Benton & Roberts*, for respondent.

BERRY, J.  On July 5, 1882, the respondent received a conveyance, for the use of its railway, of a tract of land which is sought to be taxed for that year in the present proceedings.  No tax for that year had been assessed upon the land at the date mentioned, the usual time for assessment not having arrived.  Gen. St. 1878, *c.* 11, § 105, enacts that "the taxes assessed upon real property shall be a lien thereon from and including the first day of May in the year in which they are levied, until the same are paid."

Laws 1857, Ex. Sess., *c.* 1, § 18, which is a part of respondent's charter, provides that "the said company shall and will, on or before the first day of March in each year, pay into the treasury of the territory, or future state, three per centum of the gross earnings of the said railroad for the year ending on the last day of the preceding December, in lieu of all taxes and assessments whatever.  *  *  * And in consideration of such annual payments the said company shall be forever exempt from all assessments and taxes whatever by the territory, or state which shall succeed the territory, or by any county, city, town, village, or other municipal authority in the territory or state, upon all stock in the said Minnesota and Pacific Railroad Company, whether belonging to said company or individuals, and upon all its franchises or estates, real, personal, or mixed, held by said company."

The effect of these statutory provisions upon the respondent, as respects the land acquired by it on July 5, 1882, is that the right to assess a tax upon the land *in specie* for that year, and to have a lien therefor, is superseded by the obligation of the respondent to pay the 3 per cent.  This is not an immunity from taxation, but a commutation of taxes,—another and substituted way prescribed by law, in which the respondent, as the owner of this land among other property, is to contribute its share to the public revenue.  *City of St. Paul v. St. Paul & S. C. R. Co.*, 23 Minn. 469.  Any other construction of the statute than that which we have put upon it would subject respondent to double taxation—*First*, to the taxes assessed in the ordinary way; and, *second*, to what may be called the commutation tax.

As remarked by Mr. Justice Cornell in *Commissioners of Rice Co.* v. *Citizens' Nat. Bank,* 23 Minn. 280, 282: "A construction leading to any such result should be avoided, unless the cogency of some express provision or unavoidable implication of the statute compels its adoption." We are clear that there is no such "cogency" in this instance.

Judgment affirmed.