## STATE v. HENRY BELLIN.

February 7, 1900.

Nos. 11,974—(222).

**Taxes—Sale of Forfeited Property by State—Statute of Limitations.**

The rule as to the application of the statute of limitations, laid down in Kipp v. Elwell, 65 Minn. 525, followed, in a case where judgment was entered against a tract of land in proceedings had under the provisions of Laws 1881, c. 135, for the taxes from 1870 to 1881, inclusive; and no further steps were taken to enforce the judgment, or to collect the taxes, until May 8, 1893, when a private sale of the land was made to a third party, avowedly under the terms of G. S. 1894, §§ 1616, 1617.

**Same—Lien for Taxes—G. S. 1894, § 1623.**

That part of G. S. 1894, § 1623, by which it was enacted that the lien for taxes on real property should continue until the same were paid, does not affect the provision of the statute of limitations applicable, under previous decisions, to taxes and tax judgments.

In proceedings in the district court for Chisago county to enforce delinquent real estate taxes Henry Bellin interposed an answer. The case was tried before Crosby, J., who directed judgment in favor of the state for $241.28. At the request of defendant certain points were certified to the supreme court for its decision. Reversed.

Among other questions certified were the following:

"Where more than ten years elapsed after the entry of a judgment for taxes against real estate, by virtue of Laws 1881, c. 135, before any sale thereunder was made; and a private sale was afterwards attempted to be made under G. S. 1894, §§ 1616, 1617, by virtue of said judgment; which sale was declared void by judgment of court, and the money paid by the purchaser was subsequently refunded with interest, pursuant to G. S. 1894, § 1610; has the court power thereafter, upon the facts found in this case, to render judgment against such real estate for the same taxes?

"If the last foregoing question is answered in the affirmative, then: Can such second judgment be rendered in proceedings other than those for the current year in the next delinquent sale after such refunding?

"Under the facts hereinbefore stated, can the taxes for any year prior to 1874 be included in such second judgment?

"Under the facts hereinbefore stated, can the taxes for the years 1879 and 1880, or either of them, be included in such second judgment?"

*P. H. Stolberg,* County Attorney, for the State.

*Savage & Purdy,* for defendant.

COLLINS, J.[1]

Eleven years' taxes, from 1870 to 1880, inclusive, were included in a judgment entered against the land in question in proceedings had under Laws 1881, c. 135. Nothing further was done towards enforcing the judgment or collecting these taxes. No steps of any kind were taken in reference to the claim until May 8, 1893, when a sale was made to a third party, avowedly in pursuance of the provisions of G. S. 1894, §§ 1616, 1617. The owner of the land then commenced an action against the purchaser, and the sale to the latter was therein annulled and adjudged void, because the land had not been actually sold to, or bid in by, the state for delinquent taxes at the 1881 sale. The county refunded to the purchaser, as provided in section 1610, and thereafter these eleven years' taxes were included in the delinquent list for the first Monday of January, 1899. The owner answered, the court below ordered judgment for the full amount claimed, and then certified up a number of questions, as provided by law.

The primary and principal question involved is not an open one, under our decisions. County of Redwood v. Winona & St. P. L. Co., 40 Minn. 512, 41 N. W. 465, and 42 N. W. 473; Mower Co. v. Crane, 51 Minn. 201, 53 N. W. 629; Pine Co. v. Lambert, 57 Minn. 203, 58 N. W. 990; Kipp v. Elwell, 65 Minn. 525, 68 N. W. 105. The case last cited cannot be distinguished from that now at bar, the only difference being that the sale on which the state relied in that

[1] BROWN, J., took no part herein.

case was by virtue of Laws 1893, c. 150, and at public auction, while the sale here was under the general statutes, and, as therein authorized, made privately. The statute of limitations had run against the taxes for 1880 and prior years, and also against the judgment, long before the attempt to enforce collection through a private sale. The doctrine announced in these cases has become a rule of property, and cannot be departed from. It has recently been affirmed in Cool v. Kelly, 78 Minn. 102, and we are satisfied that it is right.

Counsel for the state has attempted to apply the doctrine laid down in State v. Kipp, 70 Minn. 286, 288, 73 N. W. 164, to this case. But the facts are not the same. The sale there relied on, made by the auditor in 1885, was but four years after judgment had been entered, and the landowner made no attempt to test its validity for nearly ten years thereafter. The distinction between the facts therein considered and those which were presented in the cases hereinbefore cited was expressly referred to in State v. Kipp. And counsel has called our special attention to G. S. 1894, § 1623, which enacts that taxes assessed upon real property shall be a lien thereon, from and including the first day of May in the year in which they are levied, "until the same are paid," except as between grantor and grantee; and he contends, because of this section, to which attention has not been called in any of the cited cases, that the statute of limitations does not apply to taxes or tax judgments, and that we should now so hold.

This claim is founded on the words last quoted, it being argued that, as the lien must last forever in all cases where the taxes are unpaid, the time can never come when the right to enforce this lien is extinguished. It would seem somewhat remarkable if we should attribute to the legislature an intent to declare, by means of this expression, that the statute of limitations should not run as to taxes. The purpose of that part of section 1623 which prescribed the first of May as the day on which taxes should become a lien was to fix a particular date at which to determine the taxability, as well as the ownership and value, of property, for the purposes of assessment and taxation. County of Martin v. Drake, 40 Minn. 137, 41 N. W. 942. See also section 1514.

And it was also designed to fix and fasten the lien itself, for such a lien does not arise by implication from the power to tax. It owes its inception, continued existence, and duration to the statute. 25 Am. & Eng. Enc. 267, 275, and cases cited. Nor was that particular section new to the tax laws of this state when it appeared as Laws 1878, c. 1, § 105, by which chapter a decided innovation was made upon the prevailing methods for enforcing the collection of taxes upon real estate; that is, by the commencement of proceedings in district court, and the entry of judgment against each tract of land for the amount due thereon, with interest and costs. This section (1623), in substance, first appeared in the revenue laws of this state in 1860 (Laws, c. 1, § 47). It has since been brought forward, from time to time, with slight changes in phraseology, in all of our general legislation on the subject of taxation, and finally into section 105, supra. The words, "until the same are paid," referring to the duration of the lien, have been continued, although their usefulness ended with the adoption of the new, methods, in 1878.

The provision in section 105, now section 1623, that taxes assessed upon real property shall be a lien from and after the first day of May of the year of the levy, was and is sufficient to continue the lien down to the time of the last publication of the notice and list of delinquent taxes (section 73, now section 1582), from which time every piece and parcel is bound, and this lien or enforceable claim remains until judgment is entered against the property, which judgment is, in express terms, declared a lien (section 76, now section 1585), all prior claims and liens being therein merged. Whatever may have been the office of the words quoted from section 1623, it is obvious that they have none now. And least of all can they be held to affect or to do away with that part of the statute of limitations which we have held applicable to taxes and tax judgments.

To the second question certified and propounded we answer that, on the facts as found, the trial court had no power to render judgment against the land for the taxes in controversy. This disposes of the case.

The court below will, on remittitur, set aside its order for judgment, and cause judgment to be entered in favor of defendant landowner.