STATE v. NORTHWESTERN TELEPHONE EXCHANGE COMPANY.[1]

May 28, 1900.

Nos. 12,008—(21).

### Real-Estate Taxes—Statutory Tax Lien.

For the purposes of taxation, the statutory tax lien for the current year attaches to real property on May 1, under G. S. 1894, § 1623.

### Lien Attaches May 1—Sale after That Date.

The ownership of real property on May 1 determines the liability of such property to taxation for that year, and, if it is taxable at that time, the lien then attaches, and such lien is not devested by a sale after that day to a corporation which has commuted to the state by a payment of a percentage on its gross earnings in lieu of all other taxes.

[1] Reported in 82 N. W. 1090.
80 M.—2

## County of Martin v. Drake Followed.

The case of County of Martin v. Drake, 40 Minn. 137, overrules the earlier decision of County of Hennepin v. St. Paul, M. & M. Ry. Co., 33 Minn. 534, and the rule in the later decision is followed in this case.

In proceedings in the district court for Hennepin county to enforce collection of taxes on real estate for 1897, Northwestern Telephone Exchange Company interposed an answer. The case was tried before Simpson, J., who found in favor of plaintiff, and on application of defendant certified to the supreme court for its determination the point whether the property in question, the fee of which passed to defendant corporation on July 19, 1897, was properly subject to taxation in specie for the year 1897, defendant paying and having paid a gross earnings tax to the state for that year under Laws 1897, c. 314.

*Louis A. Reed*, County Attorney, and *C. S. Jelley*, for the State.

*C. D. & Thos. D. O'Brien*, for defendant.

LOVELY, J.

The appellant is a corporation conducting telephone lines and exchanges through the state of Minnesota, with its principal office at Minneapolis. Under Laws 1897, c. 314, authorized by an amendment to article 9 of the constitution (Laws 1897, p. viii.), this defendant paid into the state treasury, as authorized by such law, a gross earnings tax of three per cent. "in lieu of all other taxes and assessments whatever." On July 19, 1897, appellant purchased a piece of real estate in Minneapolis for its general offices and exchanges, upon which it has entered and maintained its principal offices and place of business in this state ever since. Without regard to this purchase and use by the telephone company, there was assessed and levied upon the property in question a tax for the year 1897, in common with real estate in general in the city of Minneapolis. The telephone company, on application to the district court of Hennepin county, had the tax judgment vacated, and answered, setting up all the facts above stated at length, upon which the court held that the lien for the taxes assessed, attached to the property prior to the purchase by the telephone company was not devested therefrom, and that the purchaser took the same subject thereto. Judg-

ment anew was entered against defendant and the matter was certified to this court, by which proceeding the liability of the property in this proceeding in rem is brought before this court.

The question involved depends upon the construction of a familiar statute, and, to a large extent, upon the interpretation which has been given to such statute as a rule of property right in the former decisions of this court.  If the taxes which were levied in 1897 became a lien on the property in question, such lien would inhere thereon under G. S. 1894, § 1623, which provides:

"The taxes assessed upon real property shall be a lien thereon from and including the first day of May, in the year in which they are levied, until the same are paid, but as between grantor and grantee, such lien shall not attach until the first day of January of the next year thereafter."

Disconnected with the commutation rights acquired by the statute authorizing the payment of the percentage of its gross earnings in lieu of all other taxes, and applying the statute quoted as if the property had been purchased by a person who enjoyed no such commutation right, there would be no difficulty in construing the statute.  The lien would apply, so far as the obligation to pay the taxes is concerned, on May 1 of the year of the levy, but the grantor would not be held therefor on sale, and the property would be, which condition would or ought to be taken into consideration by the parties, particularly the purchaser.  Hence the only question in determining the liability of defendant is, does its payment of the percentage in lieu of all other taxes devest the land it purchased after May 1 of the lien which attached until such purchase?

The question thus presented has been complicated by two previous decisions of this court, which must be seriously considered, as the result of their authority will affect property rights and interests in this state of great magnitude and importance.  In the earliest case (County of Hennepin v. St. Paul, M. & M. Ry. Co., 33 Minn. 534, 24 N. W. 196), it was expressly held, where the purchase by the railroad company of lands was made subsequent to May 1, that the provision for a lien under the statute had no application to such lands; and, so far as this authority is concerned, it decides the question involved in favor of the contention of the telephone

company. But following this decision, and less than four years afterwards (in County of Martin v. Drake, 40 Minn. 137, 41 N. W. 942), this court held the rule to be that

"The revenue laws of this state have fixed May 1st as the date for determining the taxability of property, and its ownership and value for purposes of taxation for the year,"

And the rule in that case was held to apply to lands conveyed by a railroad company which had commuted by paying a gross earnings tax in lieu of all other taxes, so as to make a tract of land deeded by such company before that date taxable, and another tract, deeded after that date, exempt. The latter opinion in express terms declines to overrule the former case, or to review or to reconsider it, but disposes of it with the simple suggestion that it furnished no aid to defendant.

We cannot reconcile the two cases, nor, after a careful examination of each, escape the conclusion that the test which the latter case establishes for the taxability of land, making it the actual ownership of the same on May first of the year for which the taxes are levied, is absolutely irreconcilable with the claim of defendant here, or the decision of the court in the case of County of Hennepin v. St. Paul, M. & M. Ry. Co., supra, and the result is that the former case is clearly overruled by the decision of County of Martin v. Drake, which must be adhered to unless we should now explicitly overrule it, although it has, since it was decided, continued to be an important rule of property in this state. We cannot inflict upon the rule of stare decisis such an element of doubt and uncertainty upon so important a question without the gravest reasons, and we are bound to say that the reasons for the later decision seem to be paramount and unanswerable. In the former case there is no discussion of the effect of the statute imposing the lien on May 1. The decision simply goes upon the fact, which was in that case assumed, viz. that the purchase of land after the lien attaches is, if such lien remains, double taxation. In the latter case this question is fully considered, and is given its due weight, and the reasons of the court for disregarding this claim

need not be repeated here. They are fully stated in the opinion of Justice Mitchell in that case.

We may add, however, that at the time the lien attaches there is no purpose inferable from the lien statute itself to impose a double burden upon either the landowner or the purchaser, the purchase of the company being made afterwards. And it seems to us that, if the consequences of double taxation follow, they arise from the voluntary act of the purchaser, who, with a knowledge of the law providing for the lien, purchased the land, and presumably considered the lien as a part of the consideration in such purchase. A paramount and essential element of a lien per se is its changeless and unshifting stability, and the defendant could not, without ignoring the very nature and characteristics of the lien right, with all that its name imports, devest the land from the burden which the tax laws had imposed; hence the purchaser took it with that burden added, the same as if the taxes had been secured to the state by mortgage. Any other rule would allow the railroad and telephone companies of this state to use their commutation rights to exempt property by subsequent purchases, transfers, or exchanges during the entire year, or would have such effect whether intended or not; for, if the purchase of property two months after the lien attaches devests the land of the lien, a purchase at any time during the year would have the same effect, and the landholder might during such year hold it, and, even after the tax levy had been completed, destroy the effect of such levy; and during all this time purchases, sales, or exchanges would impair or devest the property of the lien by the acts of third parties without payment of the taxes by any one. In the processes of raising the revenues of the state the legislature may unquestionably fix the time for the tax lien to attach. It must be held that in this statute it has done so, and, the lien having attached, it cannot be removed in any other than the legal way, viz. the payment of the same as soon as the amount is determined by the assessment and extension of the unpaid taxes; and the land in question is charged with the tax in this instance as much as it would be for an unpaid tax for which it had been sold during the previous years.

Judgment affirmed.