NATIONAL BOND & SECURITY COMPANY v. SARAH E. DASKAM and Others.[1]

December 4, 1903.

Nos. 13,758—(206).

**Tax Lien.**

> Tax liens held by the state of Minnesota are not interests in and claims upon the land on which they are a lien, within the meaning of Laws 1903, c. 234, § 6.

In proceedings in the district court for Ramsey county upon the application of National Bond and Security Company to register the title to certain land, the state of Minnesota was made a party defendant. Thereupon the state appeared specially and moved to set aside the serv-

[1] Reported in 97 N. W. 458.

ice of the summons, upon the grounds stated in the opinion. From an order, O. B. Lewis, J., denying this motion, the state appealed. Reversed.

*W. B. Douglas*, Attorney General, *T. R. Kane,* County Attorney, and *O. H. O'Neill,* Assistant County Attorney, for the State.

*William G. White,* for respondent.

LEWIS, J.[2]

The purpose of this action was to procure the registration of a title under the Torrens Act, Laws 1901, p. 353 (c. 237) as amended by Laws 1903, p. 341, § 6 (c. 234). The amendment to section 18 of the original act is as follows:

> "Whenever, in the opinion of the examiner, the state of Minnesota has any interest in or claim upon the land, he shall state the nature and character thereof in his report, and in all cases where the examiner reports that the state has, or may have, some interest in or claim upon the land, it shall be joined as a party in said proceedings and named in the summons as a party thereto, in order that its interest or claim may be defined, protected and preserved. The summons shall be served upon the state by delivering a copy thereof to the attorney general, who shall appear in the proceedings and represent the state therein. The judgment and decree rendered in said proceeding shall adjudicate and determine the interest of the state in said land and its claim upon or against the same."

In the course of the proceedings the examiner of titles was ordered to make a supplemental report setting forth the interest or claim of the state in the premises, and he made the following recommendations:

> "The taxes for the years 1890 and 1901 upon all of the premises described in these proceedings, and also the taxes for the years 1891 and 1892 upon lots 3, 16, and 17, block 1, of Snelling Park, are all unpaid, and are held by and in the name of the state of Minnesota, and all of the same are lien upon the premises described in this proceeding. * * * I would suggest that

[2] START, C. J., absent, sick, took no part.

the county of Ramsey may have some interest in said tax liens, and that because thereof the county be joined as a party defendant herein."

Thereupon the state was made a party, and thereafter a motion was made to set aside the summons upon the ground that the court had no authority to issue a summons against the state of Minnesota, and for the reason that the state could not be sued without its express consent, and that such consent was not expressed by the amendment of 1903. The motion having been denied, appeal was taken.

In a general sense, an interest in or a claim upon land may include tax, judgment, mortgage, and attachment liens, but the language employed in the amendment will not include an interest, claim, or lien other than an actual vested title in the state of Minnesota, unless it is clear that the legislature so intended. The interest which the state has in the land in question, as appears from the report of the examiner, is not a legal title, but a mere lien for the amount of taxes due against the land, and may be extinguished at any time on payment or redemption. The lien which the state acquires for the payment of taxes begins at the time the taxes are levied, and continues until they are paid. If it be possible for the state to acquire vested title as a result of the procedure to enforce the collection of taxes, then it may be said to have acquired a claim upon the land. If, in proceedings to register titles, the state may be made a party, and compelled to litigate with reference to tax liens after judgment and sale, then the state may be required to appear and have its claim for taxes adjudicated and determined before judgment, or even before the taxes are delinquent. Such result would put the state to extraordinary inconvenience and expense, and would practically change the operation and effect of the present tax laws.

While the object to be obtained by the Torrens act, as amended, is to have adjudicated and defined every right, title, interest, and lien relative to the premises, the original act, and, we think, the amendment, recognizes that all parties and interests are subject to the claim of the state for taxes. As to such claim there is no need of adjudication or determination. The record is made from time to time, and whoever deals with the land must take notice of the claim of the state at every stage of tax proceedings. While true that the state may surrender its

sovereignty, and consent to be made a party, and be called upon to define its tax liens at any time, yet, in view of the manifest inconvenience, expense, and lack of necessity, it seems unreasonable that the legislature intended by the amendment to make such a sweeping change. It does not appear from the report of the examiner that the state had any interest in or claim upon the land in question, within the meaning of section 6 of the amendment.

Order reversed.