NATIONAL BOND & SECURITY COMPANY v. CORDELIA HOPKINS and Others.[1]

October 27, 1905.[2]

Nos. 14,575—(109).

**Registration of Title—Parties.**

Tax liens held by the state of Minnesota are within the terms of section 13, c. 305, p. 459, Laws 1905, providing that it shall be joined as a party defendant in proceedings under the Torrens law whenever it has an "interest in or lien upon" the land in suit.

**Same.**

That section is merely an incidental feature of the general law enacted by that chapter, designed to assist in the effective execution of the Torrens plan, and is constitutional, because that law is constitutional.

---

[1]NATIONAL BOND & SECURITY CO. v. KING and Others.

October 27, 1905.

Nos. 14,574—(108).

PER CURIAM. This appeal involves the identical issues presented in National Bond & Security Co. v. Hopkins; and for the reasons stated in the opinion filed therein the order appealed from is affirmed.

[2] Reported in 104 N. W. 678, 680, 816.

Appeal by defendant state of Minnesota from an order of the district court for Ramsey county, Orr, J., denying a motion to open a judgment theretofore entered by default in proceedings to register tit¹ to land. Affirmed.

*T. R. Kane* and *O. H. O'Neill,* for appellant.
*William G. White,* for respondent.

JAGGARD, J.

Proceedings to register title to land resulted in an amended order of the court that the summons expressly name and include the state of Minnesota as one of the defendants. No appearance was made by the state. An affidavit of no answer was filed. The court filed its findings, ordering judgment in favor of the applicant. Afterwards the state filed its answer, and under a stipulation between the applicant and the state that answer stood in lieu of verified petition to open the decree under section 25, c. 305, p. 465, Laws 1905. On the hearing the court made certain findings of fact as to the tax liens held by the state and as to a state assignment certificate executed by the county auditor to the applicant, and held as a matter of law that the applicant had the last tax lien upon all the real estate involved, and that the same was superior in law to the tax liens of the state. It therefore denied the application of the state to open and set aside the judgment rendered in favor of the applicant. The state appealed to this court from the order to such effect.

1. The state insists that section 13, c. 305, p. 459, Laws 1905, does not authorize the making of the state of Minnesota a party defendant where the only claim or interest the state holds is a tax lien. That part of the section which it is claimed authorized the joining of the state as a party defendant is as follows:

> Whenever, in the opinion of the examiner, the state has any interest in, or lien upon, the land, he shall state the nature and character thereof in his report, and in such cases, the state shall be joined as a party * * * in order that its interest, estate, or lien may be defined and preserved.

A provision similar to this was added to the original Torrens act by chapter 234, p. 339, Laws 1903. The essential difference in the lan-

guage of the two sections consists in this, namely: In the law of 1903, the language used was "interest in or claim upon" land; in the law of 1905, the language used was "interest in or lien upon." In National Bond & Security Co. v. Daskam, 91 Minn. 81, 97 N. W. 458, this court sustained the contention of the state that these terms, "interest in or claim upon" land, did not embrace tax liens. "In a general sense an interest in or claim upon land may include tax, judgment, mortgage, and attachment liens; but the language employed in the amendment will not include an interest, claim, or lien other than the actual vested title in the state of Minnesota, unless it is clear that the legislature so intended. * * * While true that the state may surrender its sovereignty and consent to be made a party and be called upon to define its tax liens at any time, yet in view of the manifest inconvenience, expense, and lack of necessity it seems unreasonable that the legislature intended by the amendment to make such a sweeping change."

The change in the language is the clear expression of legislative intention to change the law to meet the decision in the Daskam case, and to enable liens of the state for taxes to be adjudicated in the proceeding under this Torrens law. To accomplish this result it was not necessary that the legislative act should have contained the express terms "tax liens" or "lien for taxes." It is true that the state may have a lien on land other than for taxes, as a judgment for trespass to public land or property; but it is also express statutory law that "the taxes assessed upon real property shall be a lien thereon from and including the first day of May in the year in which they are levied, until the same are paid." G. S. 1894, § 1623; Webb v. Bidwell, 15 Minn. 394 (479); County of Hennepin v. St. Paul, M. & M. Ry. Co., 33 Minn. 534, 24 N. W. 196; Wass v. Smith, 34 Minn. 304, 25 N. W. 605.

In view of the history of these laws it would be an unjustifiable perversion of legislative intent and a violent distortion of meaning of words to hold that the terms "any lien upon land" do not include the lien of the state for taxes.

2. The state further contends that section 13, c. 305, p. 459, Laws 1905, is "special legislation prohibited by sections 33, 34, article 4, Const. Minn., the classification by counties having over 75,000 inhabitants, for the purposes of the section, not being based upon any natural rea-

son of public policy, but is a merely arbitrary classification." In support, counsel cite Duluth Banking Co. v. Koon, 81 Minn. 486, 490, 84 N. W. 335; State v. Walker, 83 Minn. 295, 298, 86 N. W. 104; Nichols v. Walter, 37 Minn. 264, 271, 33 N. W. 800. Section 13 is merely a part of the present Torrens law, viz., chapter 305. It is not a separate or independent enactment. It is an incidental feature, designed to assist in the effective execution of the general Torrens plan. Its constitutionality is not to be determined independently, but rests upon the validity of the law as a whole. It is a mere branch of a tree, and depends for support upon the soundness of the trunk and the roots of the tree itself. In State v. Westfall, 85 Minn. 437, 438, 439, 89 N. W. 175, this court held that the law providing for the Torrens system of registering land titles was not unconstitutional, because the classification of counties according to population for the purpose of the act is unauthorized and in contravention of sections 33 and 34 of article 4 of the state constitution. The question is therefore not longer an open one in this state. The law itself being constitutional, this subordinate part is constitutional.

3. Finally, the state contended that the court was in error in holding that the lien of taxes held by the state had been cut out and barred by the taxes held by the applicant, and that the liens held by the state were superior to those held by the applicant. The record does not disclose enough to enable this court to decide this controversy. The paper book is an extraordinary one. There is neither a settled case nor a bill of exceptions. The evidence presented to the trial court upon the hearing of the application has not in any manner been returned to this court. For these reasons the respondent insisted that this court should neither review nor reverse the order of the trial court. The questions involved in this appeal are so important, and this court is so unwilling to decide questions submitted to it solely upon mere technical errors or omissions, that the other questions in the case have been considered. But, after careful examination of this record, we find it impossible to satisfactorily or reasonably determine the facts which must be known before a conclusion as to superiority of lien can be reached.

Order affirmed.

On November 8, 1905, the following opinion was filed:

PER CURIAM.

In proceedings to register title under the Torrens act for land transfers, the state was, on petition of the applicant therein, under the provisions of chapter 305, p. 460, § 13, Laws 1905, made a party defendant, to the end that the validity of certain tax liens might be adjudicated. The proceedings having resulted favorably to the applicant on appeal to this court, it sought to tax costs and disbursements against the state. The clerk sustained the Attorney General's objection thereto, and applicant appealed.

The clerk's decision is sustained. The case is unlike that of State v. Buckman, 95 Minn. 272, 104 N. W. 240, where costs were allowed against the state. In that case the state brought the action and compelled defendant therein to litigate the controversy with it, and costs and disbursements were properly awarded in favor of defendant. In the proceedings at bar the state is not the moving party, and is only incidentally and nominally a party to the litigation. In such a case the state should not be held liable for costs and disbursements.

Affirmed.