## APPEAL OF IRA L. HENRY CO.

Docket No. 4041.   Promulgated December 9, 1927.

*Harold C. Anderson*, *C. P. A.*, and *Paul E. Shorb*, *Esq.*, for the petitioner.

*George G. Witter*, *Esq.*, for the Commissioner.

542

## OPINION.

LITTLETON: The issue in this proceeding is whether the petitioner is entitled to deduct from gross income for the calendar year 1919, as an expense of that year, the Wisconsin normal income tax levied upon the income for 1919, which was assessed in 1920 and became due and payable on December 1, 1920, considering the circumstance that under the provisions of the statute levying that tax the petitioner was entitled to have its liability therefor discharged, in whole or in part, by, and to the extent of, the payment of any personal-property tax assessed against it in 1920, in respect of such tangible personal property as might be owned on May 1, 1920.

Petitioner contends that the tax amounting to $2,730.80 was an ordinary and necessary expense of its business for 1919; that the income and the rates of tax applicable thereto being known, the amount of the tax could be definitely determined at the close of the year; that liability for the tax accrued on December 31, 1919, concurrently with the close of the taxable year; and that under the method of accounting regularly employed in keeping its books, it correctly deducted the tax, in the full amount thereof, from gross income in its Federal income-tax return for 1919. The Commissioner traverses on the ground that since the tax in question could be discharged, in whole or in part, by the payment of any personal-property tax made in 1920, the liability at December 31, 1919, was purely a contingent one, and it, therefore, did not accrue and was not a proper deduction for 1919.

It is necessary that there be a clear conception of the Commissioner's position on the issue. He does not contest the proposition that ordinarily a tax of this character accrues under the method of accounting employed by the petitioner concurrently with the close of the taxable year; that it constitutes an expense and a proper deduction for the year in which the income upon which it is levied is earned. At the hearing, he conceded that the Wisconsin Soldiers Educational Surtax for 1919 of $433.56, levied upon the income for that year, accrued at December 31, 1919, and was properly deducted by the petitioner in its Federal income-tax return for 1919, since there is no provision in the state statute under which that tax was levied, whereby it could be discharged or satisfied by the payment of any personal-property tax in the following year, or the liability

for payment of the full amount of the tax affected by any other subsequent event. On the other hand, he takes the position that the statutory provision under which the petitioner was entitled to present a receipt for the payment of its personal-property tax for 1920, and to have such a receipt accepted in payment in whole or in part of its income tax for 1919, made it impracticable for the petitioner to definitely determine, at December 31, 1919, the exact amount, if any, which it would be required to pay to the State of Wisconsin, as income taxes for 1919.

There is also involved as a feature of the issue in this proceeding the action of the Commissioner in respect of the deduction claimed by petitioner on account of the personal-property taxes of $1,369.59 assessed and paid during 1919, the receipt for which was tendered by the petitioner and accepted by the tax collector in payment of petitioner's 1919 income tax amounting to $223.94. The petitioner in this instance claimed a deduction of only $1,145.65 from its gross income for the purpose of the Federal tax for the reason that the income tax of $223.94 on its income for 1918 accrued at December 31, 1918, and the personal-property tax of $1,369.59 accrued in 1919. Petitioner further claims that to the extent of $223.94 the assessment and payment of the personal-property tax for 1919 represented a settlement and discharge of the 1918 accrued liability for the income tax. The position of the Commissioner is that since the amount of 1918 state income tax was less than the 1919 personal-property tax subsequently determined and assessed along with the income tax, there never was any accrual of the income tax and, accordingly, there should be no deduction on account thereof at any time.

We think the position taken by the petitioner is correct and that the decision of the Commissioner that there can be no accrual in respect of any portion of the income tax until the personal-property tax for the succeeding year is determined, and then only to the extent that the income tax exceeds the amount of the personal-property tax, is erroneous.

A study of the Wisconsin statute applicable to the situation here presented convinces the Board that the Commissioner's position is based upon a misconception of the intent and purpose of its provisions. So far as pertinent here, the statute provides as follows:

SECTION 1087 M–26. Any person who shall have paid a tax assessed upon his personal property during any year shall be permitted to present the receipt therefor to the Collector, together with any similar receipts for personal property taxes paid by members of his family whose incomes have been assessed to him, and have the same accepted by the tax collector to their full amount in the payment of income taxes assessed against such person during said year.

The Commissioner construes the foregoing provisions of the statute to mean that the payment of the personal-property tax and the

presentation of the receipt therefor, in payment of the preceding year's income tax, effects a reduction in the amount of the income tax and determines for the first time the liability of the taxpayer to pay it. Thus construing the statute, he concludes that all of the events that fixed the amount of the tax and the liabiliy of the petitioner to pay it, had not occurred at the close of 1919, and, therefore, liability for the income tax could not have accrued within that taxable year. We do not so construe the statute.

The language of the statute seems to us so clear as to leave no doubt as to its meaning, or the intent and purpose of the legislature in its enactment. Its purpose is clearly to provide a method of payment by which the liability for the income tax, fixed and determined by other sections of the statute, may be discharged or satisfied, in whole or in part. There is nothing in the statute which can be construed as changing the amount of the tax or affecting the status of the taxpayer's liability therefor to the State. The amount of the income tax is not reduced by the amount of the personal-property taxes paid, nor is the taxpayer relieved from the liability to pay the whole amount by virtue of having paid a personal-property tax. The income tax is paid, and the liability therefor discharged, by presentation of receipts for personal-property taxes subsequently determined, assessed and paid, to the full amount of the income tax if less than the personal-property tax and to the full amount of such receipts if the income tax is greater than the personal-property tax. Until thus paid, or otherwise satisfied, the liability for the income tax continues just as it was fixed at December 31 of the preceding year. That is the sole effect of this section of the statute. Its provisions do not affect the amount of the tax which is determined by applying the prescribed rates to the net income in excess of the credits and exemptions, and do not alter the liability of the taxpayer to pay that tax. The decision of the Supreme Court of Wisconsin in the case of *State ex rel. Bolens* v. *Frear*, 134 N. W. 673, 688, lends support to this construction of this section of the Wisconsin statute. In that case, many provisions of the Wisconsin income-tax law of 1911 were attached as offending against the Federal or the State constitutions. During the course of its opinion, the court stated:

By the present law it is quite clear that personal property taxation for all practical purposes becomes a thing of the past. The specific exemptions of all money and credits and the great bulk of stocks and bonds, as well as of all farm machinery, tools, wearing apparel, and household furniture in actual use, regardless of value, goes far to eliminate taxation of personal property; while the provision that he who pays personal property taxes may have the amount so paid credited on his income tax for the year seems to put an end to any effective taxation of personal property.

In *Van Dyke* v. *City of Milwaukee*, 150 N. W. 509, the same court stated:

But when a statute, giving its language its ordinary and natural meaning, expresses a result neither absurd nor harsh, but on the contrary one in harmony with the general scheme of the law, namely, that an income tax shall, substantially, become a substitute for a personal property tax, then such natural and ordinary meaning should be given to the language used, and there is no room for construction. A tax was levied upon incomes for 1911. A tax upon personal property was levied for said year. The statute says that a person who has paid a tax upon his personal property during any year may have the same offset for the taxes due upon the income of such person during said year. Plaintiff paid a tax upon his personal property for 1911. He paid a tax upon his income during said year. The statute says the first may be applied in payment of the latter.

These decisions of the highest court of Wisconsin seem to indicate very clearly that the primary liability is for the income tax; that such tax may be paid, in whole or in part, by payment of the personal-property tax; but that there is no exemption from, or reduction of, the income tax by virtue of the payment of the personal-property tax. In view of what has been said we see no reason why the accrual of the income tax for the taxable year should await a determination in a subsequent year of whether the taxpayer has any personal property upon which a property tax may be levied. If, in the following year, the taxpayer owns no tangible personal property upon which a property tax may be asssessed, he is compelled to pay the amount of his income tax assessed. If he has taxable personal property, both his income tax for the preceding year and his personal-property tax for the current year are assessed. He in fact pays the larger of the two, but his liability for the income tax for the preceding year is not reduced by reason of any personal-property tax. It is merely satisfied by payment. If the personal-property tax for the taxable year should be greater than the income tax for the preceding year, as was the case with respect to the 1919 personal-property tax, the taxpayer is entitled to a deduction in that year on the accrual basis of only the excess of the personal-property-tax assessment over the income tax for the preceding year for the reason that the personal-property tax, to the extent of the income tax which accrued at the end of the preceding year, is merely a payment of such income tax. If the amount of the personal-property tax levied and assessed within the taxable year is less than the amount of the income tax for the preceding year, there is no deduction on account of the personal-property tax for the reason that the payment thereof is a partial discharge of prior accrued liability.

We believe there can be no question but that, in view of the law and facts involved in this proceeding, the petitioner was, at the close

of 1919, legally bound and obligated to pay the State of Wisconsin a normal income tax of $2,730.80. All of the events had occurred which fixed the amount of the tax and the liability of the petitioner to pay it. The income having been realized, within the purview of the Wisconsin statute, there was no contingency that could have happened after the close of that year that would have released the petitioner from its liability to pay the tax, other than the payment of the tax which might be accomplished by the presentation of a receipt for personal-property taxes paid. Such being our conclusions we hold, in accordance with the decisions of the United States Supreme Court in *United States* v. *Yale & Towne Manufacturing Co.*, 269 U. S. 422, and in *United States* v. *Anderson*, 269 U. S. 422, that the liability for the normal income tax for the year 1919 accrued at December 31 of that year, and that under the method of accounting regularly employed by the petitioner in keeping its books, there being no evidence that such method does not clearly reflect income, the petitioner is entitled to deduct the income tax amounting to $2,730.80, from gross income of 1919 in computing net taxable income for that year. We also hold that the deduction to which petitioner is entitled for 1919 in connection with personal-property taxes for this year is $1,145.65 as claimed by it, instead of $1,369.59 allowed by the Commissioner. The Soldiers Educational Surtax of $433.66 should also be allowed as a deduction for 1919.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*