## LEAMINGTON HOTEL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48413. Promulgated September 16, 1932.

*J. K. Raglan*, *C. P. A.*, *G. S. Davidson*, *C. P. A.*, and *L. A. Gravelle*, *Esq.*, for the petitioner.

*James K. Polk, Jr.*, *Esq.*, for the respondent.

### OPINION.

LANSDON: The respondent has asserted a deficiency in income tax for 1927 in the amount of $4,030.66. Two issues are presented by the pleadings, namely, whether a taxpayer on the accrual basis may deduct the amount of certain property taxes in 1927 where the property was acquired on June 11, 1927, and what amount, if any, may be deducted as accrued charges for water service in 1927 where payment was not made until 1928. All of the facts are stipulated.

The petitioner is a Delaware corporation, organized on June 4, 1927, with its principal office in Minneapolis, Minnesota. On June 11, 1927, it purchased certain real estate and personal property located in Minneapolis, known as the Leamington Hotel, which it owned and operated throughout the remainder of the taxable year.

The vendors of the Leamington Hotel had acquired such property after May 1 and before June 11, 1927. In connection with the purchase by petitioner no mention was made as to payment of 1927 Minnesota property taxes. Taxes were assessed against the hotel property in 1927 in the total amount of $32,634.19, of which $30,762 was taxes on the real estate, $1,846.61 represented taxes on the personal property, and $25.58 was taxes on moneys and credits. The above amount was paid by petitioner to the State of Minnesota in 1928.

Since its organization the petitioner has kept its books and filed its income-tax returns on an accrual basis. As of December 31, 1927, it accrued the 1927 Minnesota property taxes on its books and made deduction therefor on its income-tax return for 1927. Upon audit

the respondent disallowed the deduction, holding that the amount paid by petitioner represented taxes of a prior owner and constituted an additional payment for the property.

As of December 31, 1927, the petitioner accrued on its books an amount of $320 which it estimated as the cost of water service furnished by the city of Minneapolis for the months of November and December. In the early part of 1928 it paid $233.34 to the city of Minneapolis for water service during November and December, 1927, and January, 1928.

On its income-tax return for 1927 the petitioner deducted the amount of $320 which it had accrued as an expense. The respondent disallowed the entire amount.

In Minnesota real property subject to taxation is listed and assessed every even numbered year with reference to its value on May 1 preceding the assessment. Personal property is listed annually with reference to its value on May 1. The assessors must turn in the assessment books not later than the first Monday in July following the assessment. The county board of equalization must complete equalization of the assessments not later than four weeks from the third Monday in July. The state tax which is levied by the legislature must be certified by the state auditor to the county auditor on or before October 1, annually. The county tax is levied by the county board at its meeting in July of each year. Taxes voted by cities, villages, towns and school districts must be certified to the county auditor on or before October 10 of each year. The county auditors then calculate and fix the rate of tax. Levy of the tax is made thereafter and payment is due on the first Monday in January of the following year.

We have heretofore held that a taxpayer on the accrual basis may accrue Minnesota property taxes as of December 31 of the taxable year. *Cloquet Co-operative Society*, 21 B. T. A. 744. Cf. *Ira L. Henry Co.*, 9 B. T. A. 540; and *Crown Willamette Paper Co.*, 14 B. T. A. 133. The controversy here is as to the date on which the Minnesota taxes accrued. If they accrued prior to June 11, 1927, when the petitioner bought the property, then the amount subsequently levied and paid represents taxes of a prior owner and, as the respondent contends, constitutes additional cost of the property to petitioner. *Falk Corporation*, 23 B. T. A. 883; affd., 60 Fed. (2d) 204. Cf. *Mechanics Bank of Brooklyn*, 9 B. T. A. 1; *S. & L. Building Corporation*, 60 Fed. (2d) 719. If, on the other hand, the taxes accrued after petitioner acquired the property, the amount paid is deductible in computing net income.

Sections 2191 and 2199 of Mason's Minnesota Statutes (1927) provide in part as follows:

§2191—Lien of real estate taxes—The taxes assessed upon real property shall be a perpetual lien thereon, * * * from and including May 1 in the year in which they are levied, until they are paid; but, as between grantor and grantee, such lien shall not attach until the first Monday of January of the year next thereafter. (975) [2171]

\* \* \* \* \* \* \*

§2199—1. Lien of taxes on personal property—Nature, extent and priority— The taxes assessed upon personal property * * * shall be a first and perpetual lien, * * * upon all of the personal property of the person assessed from and including May 1 in the year in which they are levied, until they are paid; provided such lien shall not continue on items of personal property sold at wholesale or retail in the ordinary course of business. ('27, c. 318, §1)

The Superior Court of Minnesota has held that, under the above quoted statutes, May 1 is the date on which taxability, ownership and value of property is determined. *Martin County* v. *Drake*, 40 Minn. 137; 41 N. W. 942; *State* v. *Bellin*, 79 Minn. 131; 81 N. W. 763; and *State* v. *Northwestern Telephone Exchange Co.*, 80 Minn. 17; 82 N. W. 1090. In *Martin County* v. *Drake, supra*, the court stated:

* * * All tax laws have to fix upon some particular date in the year at which to determine the taxability, as well as the ownership and value, of property, for purposes of assessment and taxation. Our revenue laws have fixed this at the 1st of May. Gen. St. 1878, c. 11 §§ 6, 24, 105. Personal property is assessed and taxed with regard to both its value and ownership at that date. Real estate is assessed according to its value at that date, and the state has a lien for the tax from that date. Every man must pay taxes on what he then owns, and at its then value no matter how short a time he may have owned it, or how soon thereafter it is lost. * * *

In *State* v. *Northwestern Telephone Exchange Co., supra*, which adheres to the rule announced in *Martin County* v. *Drake, supra*, the court said:

* * * And it seems to us that, if the consequences of double taxation follow, it arises from the voluntary act of the purchaser,—the telephone company in this case—who, with a knowledge of the law providing for the lien, purchased the land, and presumably considered the lien as a part of the consideration in such purchase. * * *

A similar question to that presented in the instant proceeding was decided by the District Court for the Third District of Minnesota in *Thompson* v. *United States*, 8 Fed. (2d) 175. The court held that taxes which became a lien on May 1 against realty of the decedent who died on May 1 were deductible in computing the net estate subject to the estate tax. The court found that the tax was a legal claim against the decedent at the date of his death.

We conclude that in Minnesota liability for taxes is determined on May 1 of each year. The petitioner acquired the Leamington Hotel property thereafter, on July 11, knowing that the lien for taxes had

attached to the real estate and that pursuant to section 2191 of the Minnesota Statutes it must pay the real property tax. It also knew that there was a lien on the personal property. We think it is clear that petitioner has paid another's tax. The respondent's determination is approved. See *Bull, Exec.*, 7 B. T. A. 993; *H. H. Brown Co.*, 8 B. T. A. 112; and *Arcade Department Store, Inc.*, 18 B. T. A. 1172.

The amount accrued by petitioner for water service was an estimate. After the close of the taxable year and before petitioner's income-tax return was filed the exact charge for such service was determined and paid in the amount of $233.34 for three months beginning November 1. The petitioner is entitled to accrue two-thirds of that amount, or $155.56. *Beacon Coal Co.*, 9 B. T. A. 280.

*Decision will be entered under Rule 50.*