CARL K. LIFSON, ADMINISTRATOR OF THE ESTATE OF BENJAMIN LIFSON, DECEASED, AND SOPHIE LIFSON, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 83314. Promulgated September 30, 1937.

*George T. Altman, Esq.*, for the petitioners.
*Claude R. Marshall, Esq.*, for the respondent.

OPINION.

STERNHAGEN: A deficiency of $4,607.60 in petitioners' income tax for 1934 was determined. The facts are stipulated.

Sophie Lifson, who with her husband filed a joint return for 1934 on the actual receipts and disbursements basis, bought in August 1933, a sheriff's certificate of sale of certain foreclosed real property in St. Paul, Minnesota, took possession of the property in October 1933, and recorded the certificate in December 1933. The 1933 Minnesota property taxes amounted to $19,286.27, and she paid this in two equal installments on July 3, 1934, and December 8, 1934. She demands a deduction for taxes paid in 1934, and the Commissioner denies this on the ground that the payment must be treated as part of the cost of the property because when she acquired it the tax had already, on May 1, 1933, accrued and become a lien.

The law of Minnesota is that property taxes are a lien on and after May 1 of the year to which they âre applied, Mason's Minnesota Statutes, 1927, §2191; *National Bond & Security Co. v. Hopkins*, 96 Minn. 119; 104 N. W. 678; *Thompson v. United States*, 8 Fed.

(2d) 175; *Merle-Smith* v. *Minnesota Iron Co.*, 195 Minn. 313; 262 N. W. 865, and it has been held that to one on the accrual basis the deduction is to be taken in that year, *Merchants Bank Building Co.* v. *Helvering*, 84 Fed. (2d) 478; *Leamington Hotel Co.*, 26 B. T. A. 1004; *Cloquet Co-operative Society*, 21 B. T. A. 744. Whether to a continuing owner on the cash basis the deduction must be taken only in the year of accrual rather than the subsequent year of payment has not been considered, although the answer would seem fairly plain. But this is not such a case, for here the accrual was at a time before the acquisition of the property by the petitioner, and the question is whether the payment after accrual by the petitioner, who acquired the property after accrual, is to be regarded as the payment of a tax or the payment of an inherent cost of the property. If the tax were a personal liability of the owner at the time of accrual, the payment directly by the successor would not be the payment of the successor's tax but the short cut payment to the former owner and the payment by him of his tax liability. *Falk Corporation* v. *Commissioner*, 60 Fed. (2d) 204. As such, it would clearly be cost of property and not deductible by the successor. But there is no personal liability; only a charge against the property and a lien for its enforcement, and this reasoning is not applicable.

Since by state law the charge is fixed as of May 1, although not accurately calculated till later, a buyer after May 1 would take it with knowledge of the tax and would negotiate his price accordingly, either to exclude or to include the tax, or perhaps to prorate it. Cf. *State* v. *Northwestern Telephone Exchange Co.*, 80 Minn. 17; 82 N. W. 1090. Buying the sheriff's certificate, petitioner had no such choice. She bought the certificate with the burden of the accrued tax attached, and the cost of the certificate included the accrued tax. This is consistent with *Helvering* v. *Missouri State Life Insurance Co.*, 78 Fed. (2d) 778; *Merchants Bank Building Co.* v. *Helvering, supra; Leamington Hotel Co., supra; Cloquet Co-operative Society, supra.* It is not at variance in theory with *Theodore Plestcheeff*, 35 B. T. A. 508 (on review, C. C. A., 9th Cir.). That case turned upon Washington statutes as construed by Washington courts to different effect from the Minnesota law here involved. The tax incidence under Washington law was held not to occur on the date analogous to May 1 in Minnesota, but on the later date when the lien became perfect and enforceable by the state. In Minnesota the lien is regarded as perfect on May 1, and the courts have held it to determine the incidence of tax on that date.

The Commissioner correctly held the amount of $19,286.27 to be part of petitioners' cost and not a deduction.

*Judgment will be entered for the respondent.*