LIFSON et al. v. COMMISSIONER OF INTERNAL REVENUE. *

No. 11105.

Circuit Court of Appeals, Eighth Circuit.

Aug. 18, 1938.

*Rehearing denied Sept. 14, 1938.

George T. Altman, for petitioners.

Harry Marselli, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Arthur A. Armstrong, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals (36 B.T.A. 593) redetermining a deficiency in income taxes of Sophie Lifson and Benjamin Lifson, her husband, for the year 1934 occasioned by the disallowance of a deduction, from their joint gross income, of an item of $19,288.31 representing the payment in 1934 by Sophie Lifson of taxes for the year 1933 upon real estate in St. Paul, Minnesota, known as the "Minnesota Building".

The Minnesota Building in 1932 belonged to Lincoln Development Company, which in May of that year mortgaged it to Fleisher Engineering and Construction Company. This mortgage was foreclosed and the property was bid in at foreclosure sale on October 7, 1932, by the mortgagee. On August 16, 1933, Sophie Lifson purchased the Sheriff's certificate of mortgage foreclosure sale. The period within which the property could have been redeemed from the foreclosure expired October 7, 1933, and on or about October 16, 1933, Sophie Lifson went into possession. The 1933 taxes upon the property became a lien as of May 1, 1933, although the amount of the taxes had not at that time been ascertained or levied and they were not due and payable until January, 1934.[1]

The Revenue Act of 1934, c. 277, § 23(c), 48 Stat. 680, 688, 26 U.S.C.A. §

[1] Mason's Minnesota Statutes, 1927, § 1984, provides that all real estate shall be listed and assessed every even-numbered year with reference to its value on May 1st preceding the assessment. Mason's Minnesota Statutes, 1927, § 2191, provides: "The taxes assessed upon real property shall be a perpetual lien thereon * * * from and including May 1 in the year in which they are levied, until they are paid; but, as between grantor and grantee, such lien shall not attach until the first Monday of January of the year next thereafter." The lien of the State for taxes upon real estate attaches on the first day of May

510

23(c), provided that in computing net income there should be allowed as a deduction "Taxes paid or accrued within the taxable year" (with certain exceptions not here material).

The Commissioner and the Board of Tax Appeals were of the opinion that taxes upon the Minnesota Building for the year 1933 "accrued" on May 1, 1933, and that, since the building at that time did not belong to Sophie Lifson and she acquired it after that date subject to the lien of the taxes, the payment of these taxes in 1934 did not entitle her to a deduction.

The petitioners contend: (1) That the taxes did not "accrue" on May 1, 1933, because all of the events which fixed the amount of the taxes and which determined the liability of the taxpayer to pay them had not then occurred, and because there was no personal obligation imposed by the laws of Minnesota upon owners of real estate with respect to real estate taxes—the tax being made a charge against, and lien upon, the land only; (2) that, since Sophie Lifson and her husband made their joint return upon a cash basis, they were entitled to a deduction for "taxes paid * * within the taxable year", regardless of when such taxes accrued or became a lien; and (3) that if the doctrine of relation is to be invoked to make the 1933 taxes a lien as of May 1, 1933, the same doctrine should

be invoked to make Sophie Lifson the owner of the real estate as of May, 1932, when the mortgage upon which her title is based was executed.

That Sophie Lifson acquired the Minnesota Building after May 1, 1933, and that at the time she acquired it the taxes for 1933 were, by State statute, a charge against and a lien upon it, cannot be controverted. She certainly had no interest in this real estate until August 16, 1933. The liability of the real estate for the taxes to be levied in 1933 and the lien for those taxes had then accrued.

When one purchases land which is subject to a lien for taxes, the subsequent payment of those taxes by the purchaser does not constitute an allowable deduction from gross income, for the reason that the taxes accrued while the land was in other ownership and the payment of them is merely a payment of a part of the cost of acquiring the property.[2]

The fact that the amount of the taxes here involved had not been definitely ascertained at the time the lien attached does not alter the situation. Walsh-McGuire Co. v. Commissioner, 6 Cir., 97 F.2d 983, opinion filed June 7, 1938. There is no merit in the contention that real estate taxes do not "accrue"[3] unless they become a personal obligation of the owner of the land. They accrue in Minnesota when they

in the year they are levied. Dunnell's Minnesota Digest, Second Ed., § 9161; Kate Fowler Merle-Smith v. Minnesota Iron Company, 195 Minn. 313, 262 N.W. 865; National Bond & Security Company v. Hopkins, 96 Minn. 119, 121, 104 N.W. 678, 816; State v. Northwestern Tel.·Exchange Co., 80 Minn. 17, 82 N.W. 1090; State v. Bellin, 79 Minn. 131, 81 N.W. 763; County of Martin v. Drake, 40 Minn. 137, 139, 41 N.W. 942; Merchants Bank Bldg. Co. v. Helvering, 8 Cir., 84 F.2d 478, 480; Thompson v. United States, D. C.Minn., 8 F.2d 175; Roy J. O'Neil v. Commissioner, 31 B.T.A. 727, 729; Leamington Hotel Company v. Commissioner, 26 B.T.A. 1004, 1006, 1007; Cloquet Co-operative Society v. Commissioner, 21 B.T.A. 744, 748.

2 See Merchants Bank Bldg. Co. v. Helvering, 8 Cir., 84 F.2d 478, 481; Helvering v. Missouri State Life Ins. Co., 8 Cir., 78 F.2d 778, 781; Falk Corporation v. Commissioner, 7 Cir., 60 F. 2d 204; Walsh-McGuire Co. v. Commissioner, 6 Cir., 97 F.2d 983, opinion filed June 7, 1938; California Sanitary Co. v.

Commissioner, 32 B.T.A. 122; Texas Coca-Cola Bottling Co. v. Commissioner, 30 B.T.A. 736; Leamington Hotel Co. v. Commissioner, 26 B.T.A. 1004; Grand Hotel Co. v. Commissioner, 21 B.T.A. 890; Kissel v. Commissioner, 15 B.T.A. 1270, 1274; John Hancock Mutual Life Ins. Co. v. Commissioner, 10 B.T.A. 736.

3 "Accrue. To grow to; to be added to; to attach itself to; as a subordinate or accessory claim or demand arises out of, and is. joined to, its principal; thus, costs accrue to a judgment, and interest to the principal debt. The term is also used of independent or original demands, and then means to arise, to happen, to come into force or existence; to vest; as in the phrase, 'The right of action did not accrue within six years.' ·Amy v. Dubuque, 98 U.S. 470, 476, 25 L.Ed. 228." Black's Law Dictionary, second edition, p. 18. See, also, Ewbank v. United States, 7 Cir., 50 F.2d 409; Words and Phrases, particularly the Third and Fourth Series.

become a charge against and a lien upon the land taxed.

The order of the Board was correct, and is affirmed.