THE PATERSON AND NEWARK RAILROAD COMPANY ET AL. v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK.

1. The laying out of a highway across a railroad is a taking of the company's property for public use, and entitles it to compensation therefor; and compensation for such taking includes the making good to the company the moneys expended by it in erecting, maintaining and operating gates at the crossing, provided such gates are necessary for the proper protection of the public, and for the safe operation of the company's railroad.

2. Where a city, which is engaged in acquiring by condemnation the right to lay out and open a street across the tracks of a railroad company, fails to define the manner of crossing, but seeks to condemn the privilege of crossing generally, the damages will be assessed for that manner of crossing which will be most injurious to the company's interests.

On appeal from award of commissioners. On rule to show cause.

Argued at June Term, 1897, before MAGIE, CHIEF JUS-TICE, and Justices VAN SYCKEL and GUMMERE.

For the appellants, *Cortlandt Parker* and *Cortlandt Parker, Jr.*

For the respondents, *Frederick T. Johnson.*

The opinion of the court was delivered by

GUMMERE, J.   The city of Newark instituted condemnation proceedings for the purpose of acquiring the right to cross the railroad of the Paterson and Newark Railroad Company with a newly laid-out street called Herbert Place.   The railroad company, being dissatisfied with the award of the commissioners rendered in those proceedings, appealed therefrom to the Circuit Court of the county of Essex.   On the trial of that appeal the court refused to permit evidence to be given by the company of the cost of constructing, maintaining and operating safety-gates at the proposed crossing, and limited the damages of the company to the cost of construction and maintenance of the crossing, planking and cattle-guards.   The appellants contend that there was error in this judicial action, and that, on account thereof, a new trial of the appeal should be directed.

The contention of the appellants is well founded.  Our constitution declares that private property shall not be taken for public use without just compensation, and nothing is just compensation that does not make good to the owner all the pecuniary outlay which he is compelled to make by reason of the appropriation of his property.   If the construction of a highway across its road makes it *necessary* for a railroad company, on account of the populousness of the neighborhood, or for any other reason, to erect, maintain and operate safety-gates for the proper protection of the public and the safe operation of its road, the outlay for this purpose is just as much a damage caused by the taking of the company's land as is the cost of planking between the tracks, or of construct-

ing cattle-guards, and the company is equally entitled to compensation therefor.

Whether or not the company is entitled to compensation for such outlay depends upon whether it is rendered *necessary* by the laying out of the street across the company's railroad, and this is a question for the jury to decide, and if the jury is satisfied from the evidence that such outlay is necessary for the proper protection of the company and the public, it should be included in their verdict.

It is said in opposition to this view that the appellants ought not to be allowed to recover for the cost of constructing, maintaining and operating safety-gates, because its obligation to do so results from an ordinance of the city of Newark which requires all railroad crossings to be so protected; that this ordinance is a police regulation, pure and simple, which may be abolished to-morrow, and that it is entirely settled that no person can recover damages on account of being compelled to comply with the police regulations of a municipality which are designed to promote the common welfare.

But this argument, as it seems to me, is based upon a misapprehension of fact. The necessity for gates at a highway crossing over a railroad does not at all depend upon the existence or non-existence of an ordinance requiring their erection, for unless the proper protection of the public makes them necessary, such an ordinance would be unreasonable and therefore void; and, on the other hand, if the safety of the public and the safe operation of its road required the presence of gates at such crossing, it would be necessary for the company, for its own protection, to erect them, even if no ordinance to that effect existed.

And in this case the question which should have been left to the jury is not whether a compliance with the city ordinance required the appellants to construct, maintain and operate gates, but whether the proper protection of the public and the safe operation of their road made it necessary for them to do so. The existence of an ordinance requiring it to be done is only important, in the determination of that ques-

tion, as being an admission on the part of the city that such gates are necessary to the public safety.

It is further argued on the part of the respondents that the ruling of the trial court in excluding evidence of the cost of constructing and operating gates, was justified by reason of the fact that the grade of the proposed street had not yet been fixed, and that until that was done there was no presumption that the crossing would be at grade rather than overhead or undergrade, and that therefore there was nothing to warrant the conclusion that safety-gates would be required.

But this contention overlooks the well-settled rule that where the condemning party fails to define how it will cross the right of way of a railroad company, but seeks to condemn the privilege of crossing generally, the damages will be assessed for that manner of crossing which will be most injurious to the company's interests. *National Docks, &c., Co.* v. *United Companies,* 24 *Vroom* 217.

The rule to show cause should be made absolute and a new trial ordered.