MISSOURI PACIFIC RAILROAD COMPANY v. CASS COUNTY.

FILED APRIL 18, 1906. No. 14,240.

1. **Railroads:** CROSSINGS AT HIGHWAYS. Under section 110, ch. 78, Comp. St., it is the duty of a railroad company to make and keep in repair suitable crossings with approaches, notwithstanding the highway was laid out after the railroad was built. The public authorities are required to build that part of the highway within the right of way which they would have been required to make had the railroad not been constructed. *State v. Chicago, B. & Q. R. Co.,* 29 Neb. 412, followed and approved.

2. ———: ———: LIABILITY OF COUNTIES. Under the provisions of this section of the statute, a railroad company cannot recover damages from a county for the cost of putting in cattle-guards, erecting sign-posts, building wing-fences, planking the track, and constructing the necessary approaches at a public crossing.

3. Compensatory damages should be allowed for the land taken from the right of way for a public road.

4. Measure of Damages. Where, in making the proper approaches to the railroad track, it is necessary to grade through all, or nearly all, the width of the right of way on either side of the track, the railroad company should be allowed such sum for damages as the county would have been compelled to expend in grading the public road had the railroad never been built.

ERROR to the district court for Cass county: PAUL JESSEN, JUDGE. *Reversed.*

*B. P. Waggener, J. W. Orr* and *A. N. Sullivan,* for plaintiff in error.

*Jesse L. Root* and *C. A. Rawls, contra.*

OLDHAM, C.

This action originated before the board of county commissioners of Cass county on a claim for damages filed by the Missouri Pacific Railroad Company on account of the crossing of its right of way by a section line road in said county. There is no question involved as to the regularity of the proceedings in opening the highway, and plaintiff's claim for damages was duly filed in conformity with the statute. Appraisers, duly appointed, awarded plaintiff the sum of $250 as compensation for the crossing of the road over its right of way. The county board, however, refused to allow plaintiff any damages, and an appeal from this final order was prosecuted to the district court for Cass county. A jury was waived and trial had to the court, with a finding and judgment for the plaintiff for one cent damages. To reverse this judgment plaintiff brings error to this court.

It appears from the testimony that there is a natural depression of the surface of the ground at the point where the section line road crosses plaintiff's right of way, and that the railroad track had been graded about 15 feet above the surface of the surrounding lands. The claims urged by the railroad company are for the cost of grading from the railroad track to the highway within the right of way, for the expense of putting in cattle-guards, wing-fences and sign-posts, for planking the track, and also for the amount of land taken from the right of way by the condemnation proceedings, being a strip containing about four-tenths of an acre. There was testimony offered tending to show that the value of land at the place of the crossing was from $65 to $75 an acre. The contest was as to whether or not plaintiff was entitled to recover for these items of damage under the laws of this state.

Plaintiff contends that all the items of damage claimed are extra burdens cast upon it by the opening of the public road across its right of way long after the establishment of its roadbed. Plaintiff relies on section 6, art. XI, of the constitution, which provides that "the exercise of the power and the right of eminent domain shall never be so construed or abridged as to prevent the taking by the legislature, of the property and franchises of incorporated companies already organized, or hereafter to be organized, and subjecting them to the public necessity the same as of individuals," and urges that under this section the property of corporations is put in the same class as the property of individuals so far as condemnation proceedings are concerned, and can only be taken for public purposes for a just compensation. On the contrary, it is contended by the county that the plaintiff corporation took its franchise subject to the dominant right of eminent domain in the state and subject to such burdens as the state might impose upon it in the reasonable exercise of its power of police regulation of railroad and other corporations; that such regulation is defined by section 110, ch. 78, Comp. St. 1905, which is as follows: "Any railroad corporation,

canal company, mill owner, or any person or persons who now own, or who may hereafter own or operate, any railroad, canal, or ditch that crosses any public or private road shall make and keep in good repair good and sufficient crossings on all such roads, including all the grading, bridges, ditches, and culverts that may be necessary, within their right of way."

That statutes imposing conditions similar to those contained in this section have been almost universally upheld by state courts of last resort, as well as by the supreme court of the United States, is now beyond question. This identical section of the statute was before this court in the case of *State v. Chicago, B. & Q. R. Co.*, 29 Neb. 412, and was there declared to be a constitutional enactment that applied as well to roads constructed after the railroad track had been laid as to those in existence at the time of its construction. The doctrine of this case is in harmony with the great weight of authority, and we see no reason at this time to depart from it. *Chicago, B. & Q. R. Co. v. City of Chicago*, 166 U. S. 226, 17 Sup. Ct. Rep. 581; *New York & N. E. R. Co.'s Appeal*, 62 Conn. 527, affirmed as *New York & N. E. R. Co. v. Bristol*, 151 U. S. 556, 14 Sup. Ct. Rep. 431; *Lake Shore & M. S. R. Co. v. Sharpe*, 38 Ohio St. 150; *Baltimore & O. R. Co. v. State*, 65 N. E. (Ind.) 508; *Chicago, M. & St. P. R. Co. v. City of Milwaukee*, 97 Wis. 418.

In *State v. Chicago, B. & Q. R. Co., supra*, referring to the provisions of the statute above quoted, it is said: "Under that act it is the duty of a railroad company to make and keep in repair suitable crossings with approaches, notwithstanding the highway was laid out after the railroad was built. The public authorities are required to build that part of the highway within the right of way which they would have been required to make had the railroad not been constructed.

The authorities are in nowise uniform in the conclusions reached as to the particular items of damage which should or should not fall within the provisions of the statute.

The weight of authority, however, is that under.statutes similar to our own such items of damage as are necessitated and occasioned by the operation of the railroad, as the erection of sign-posts, the construction of wing-fences and cattle-guards, and the building of approaches from the public road to the railroad track, are within the clear letter of the statute and must be borne by the railroad company without compensation. With reference to the costs that necessarily would have been expended by the public in making the highway, had the railroad never been constructed, the opinions are divergent; but, as the exercise of the police power under this section of the statute frequently casts onerous burdens on public service corporations, and as the doctrine announced by this court, when the statute was first interpreted, is supported by the authority therein quoted (*People v. Lake Shore & M. S. R. Co.*, 52 Mich. 277) and, though a deviation from the letter, is in harmony with the spirit of the enactment, we see no reason for changing the rule which has long been acquiesced in. Applying these principles to the items of damage claimed in the case at bar the trial court was clearly right in excluding from the estimate the cost of putting in cattle-guards, building wing-fences, and constructing necessary approaches from the highway to the track. We think, however, that for the land condemned within the plaintiff's right of way for public use there should have been compensatory and not mere nominal damages awarded. It matters not whether the right of the plaintiff in the land was a mere easement or a fee simple title. It had acquired its right by its own condemnation proceedings and was entitled to the uninterrupted use and enjoyment of the right of way, subject only, as all property is, to the right of eminent domain; and, when even a small portion of the land composing its right of way is taken from it and dedicated to another and different public use, actual and not nominal damages should be allowed.

With reference to the claim for the entire cost of grad-

ing within the right of way, it would seem from the principles announced in *State v. Chicago, B. & Q. R. Co., supra,* that the company should have been allowed damages only for so much of the grading and filling across its right of way as would have been necessary had no railroad ever been constructed at the place of the crossing. There is evidence introduced by the county, some of which tends to show that the cost of opening and maintaining the road at this point would have been trivial had there been no railroad grade. Other testimony, however, tends to show that it would have been necessary to do some grading and to put in either a culvert at the place of crossing the track or a bridge a little further west, which would have cost the public not to exceed $100 as testified to by one of defendant's witnesses. Whatever the evidence shows would have been the necessary cost of constructing the public road at that place, had the railroad never been built, should be allowed the plaintiff on a retrial of this cause.

We therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings under this opinion.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings under this opinion.

REVERSED.