ATLANTIC COAST LINE RAILROAD Co. v. DUVAL COUNTY.

154 So. 331.
Opinion Filed March 9, 1934.
Petition for Rehearing Denied May· 8, 1934.

*W. E. Kay* and *J. L. Doggett,* for Appellant; .
*Roswell King,* for Appellee.

TERRELL, J.—At the instance of appellee as complainant, the Circuit Court of Duval County granted an injunction restraining appellant, as defendant, from interfering with complainant in the construction of a certain street crossing, that is to say, the extension of Dancy Street over and across the tracks and right-of-way of defendant, and in the alternative commanding it (defendant) within thirty days to construct said crossing and in the event of its failure to do so, complainant was authorized to construct said crossing and charge the expense thereof to the defendant. This appeal is from that decree.

It is contended in this Court that the injunctive order appealed from was in contravention of the due process clause of the Fourteenth Amendment to the Constitution of the United States and that it deprived the defendant of its property in violation of Section 29, Article XVI, Constitution of the State of Florida.

The complainant below proceeded under Section 1593, Revised General Statutes of 1920, Section 2441, Compiled General Laws of 1927, to acquire the right-of-way for and to extend Dancy Street, the same being a public highway over the right-of-way of defendant. Even if defendant, a railroad company is affected by the aforementioned Act, which we do not here decide, it becomes unnecessary for us to adjudicate the question as to whether or not the injunctive order was in violation of the Fourteenth Amendment to the Federal Constitution, because that question is concluded by our answer to the second question presented.

Pertinent to an adjudication of the second question raised, Section 29, Article XVI of the Constitution of Florida is as follows: .

"No private property nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money, which compensation irrespective of any benefit from any improvement proposed by such corporation or individual shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law."

It is admitted that appellant owns the fee to its right-of-way over which appellee proposes to extend Dancy Street, that the said extension is outside the limits of the City of Jacksonville, that pursuant to Section 4597, Revised General Statutes of 1920, Section 6680, Compiled General Laws of 1927, and like statutes, repeated requests were made by appellee to appellant to make said extension, that said requests were denied, that appellee then undertook said extension by moving right-of-way fences and filling in its roadbed to grade of appellant's railroad tracks, that appellant intercepted this procedure on the part of appellee and replaced its fence and removed the fill and that appellee then instituted this suit in equity to compel appellant to make said extension at its expense, the result of which was the injunctive relief from which the instant appeal was prosecuted.

In Spafford v. Brevard County, 92 Fla. 617, 110 So. 451, we held that a county was such a corporation as is contemplated by Section 29 of Article XVI of the Constitution, and that consequently when it appropriates private property for its use it must do so in compliance with that organic provision. The procedure for acquiring private property for public use is set out in detail in the statutes delegating the right of eminent domain. Sections 3276 to 3295, Revised General Statutes of 1920, Sections 5084 to 5105, Com-

piled General Laws of 1927, Section 29 of Article XVI, is clear and mandatory to the effect that before any private property or right-of-way can be appropriated to the use of any corporation or individual full compensation therefor shall be first made to the owner, or secured to him by deposit of money, the value of such property to be ascertained by a jury of twelve men in a court of competent jurisdiction and to be irrespective of any benefit proposed by the person or corporation.

Counsel have directed our attention to two lines of authority affecting the question with which we are confronted. The first line holding that a railroad right-of-way is private property dedicated to a public use and that the opening of a highway across it constitutes an appropriation for the use of the public for which compensation must be made in full to the owner, while the second line holds that a railroad right-of-way is by its very nature appropriated to one public use and that to authorize its further use for the public for highway purposes is not an appropriation of private property for a public use requiring compensation therefor. The latter line of decisions appear to be grounded on the theory that the taking is done under the public power and is a mere incident to the opening of the highway.

We are impelled to the view that the rule prescribed by the first line of cases must be the law in this State, the opening of a highway right-of-way over or across a railroad right-of-way being an exercise of the right of eminent domain rather than exercise of the police power. This view is in keeping with the requirements of the provisions of Section 29 of Article XVI of the Constitution, the spirit of our institutions and the traditions of our country, all of which were designed to foster and protect the individual's right in private property. Old Colony and Fall River Rail-

road Co. v. Inhabitants of Plymouth County, 14 Gray (Mass.) 155, 2 Wood on Railroads (Minor's Edition) 1168, 2 Elliot on Railroads (3rd Ed.), Section 1265; Ill. Cent. R. R. Co. v. City of Bloomington, 76 Ill. 447; People v. Lake Shore & M. S. Ry. Co., 52 Mich. 277, 17 N. W. 841; Missouri Pac. R. Co. v. Cass County, 76 Neb. 396, 107 N. W. 773; State, *ex rel.* Lancaster County v. Chicago B. & O. R. Co., 29 Neb. 412, 45 N. W. 469; Boston & A. R. Co. v. City of Cambridge, 159 Mass. 283, 34 N. E. 382; Patterson & N. R. Co. v. City of Newark, 61 N. J. L. 80, 38 Atl. 689; Chicago & N. W. Ry. Co. v. City of Chicago, 140 Ill. 309, 29 N. E. 1109; Chicago M. St. P. Ry. Co. v. City of Milwaukee, 97 Wis. 418, 72 N. W. 1118; Cincinnati I. & W. R. Co. v. City of Connersville, 170 Ind. 316, 83 N. E. 503, affirmed 218 U. S. 336, 31 Sup. Ct. Rep. 93, 54 L. Ed. 1060.

For a case distinguishing between the two lines of decision see County of Hennipin v. St. Paul, M. & M. Ry. Co., 33 Minn. 534, 24 N. W. Rep. 196.

A railroad right-of-way in this State is not a mere easement or user for railroad purposes. Like other property it is acquired by purchase or condemnation and vests a fee in the company acquiring it which cannot be divested except as the law provides. In the case at bar appellee protested the taking of its property from the beginning. The method of the taking was therefore invalid, but we do not hold it would have been invalid if appellant had after notice, acquiesced in the taking or that the Act under which it was taken would have been invalid as to a situation where the owner of the lands permitted them to be appropriated thereunder.

The procedure followed by appellee to extend Dancy Street over the right-of-way of appellant was contrary to

the requirements of organic law, so the judgment below must be and is hereby reversed.

Reversed.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.

ON PETITION FOR REHEARING.

W. E. Kay and Doggett & Doggett, for Appellant;

Roswell King and Julian E. Fant, for Appellee.

TERRELL, J.—On petition for rehearing it is suggested that the effect of the main opinion herein is to declare invalid Section 1593, Revised General Statutes of 1920, Section 2441, Compiled General Laws of 1927. Such an interpretation of the main opinion is inaccurate. We held the appropriation of appellant's lands in this case invalid because the appropriation was contrary to the mandate of the Constitution and because appellant resisted the appropriation in due season.

We did not hold appropriation of lands invalid in those cases where the owner stands by and knowingly permits the appropriation or in cases of notice of the taking and he acquiesces therein. These questions are left open for the reason that they are not before us.

It follows that our former opinion must be and is hereby affirmed on rehearing.

DAVIS, C. J., and WHITFIELD, ELLIS and BUFORD, J. J., concur.