TERRELL, Justice.
Appellants as plaintiffs filed complaint in the appropriate court, praying for an injunction restraining the City of Fort Lau-derdale and John W. Martin as Trustee for the' Florida East Coast Railway Company from proceeding with plans to construct two grade crossings over the railroad in the said city. The theory of the complaint was that the city had a master plan approved by the voters, which was designed to control *568 the location of railroad crossings, that on account of deviation from said master plan in the location of said crossings plaintiffs’ homes and businesses would be irreparably-damaged and that the agreement entered into between the city and the railroad company to construct said crossings at the expense of the city violates Sections 357.01-357.06, F.S.A.
The city answered seasonably and moved to dismiss the complaint, contending that said agreement with the railroad company to construct said crossings was valid under the city charter, that it was not in contravention of the master plan of the city, that if any damage was done to plaintiffs it was offset by the general good they acquired from constructing the crossings and that Sections 357.01-357.06, F.S.A., were not violated by nor did the city abuse its discretion , when it entered into said agreement. The railroad company filed an answer and motion to dismiss similar in allegations and purpose to that of the city. At final hearing the chancellor found for defendants and granted the motion to dismiss. The plaintiffs have appealed.
As to whether or not the contract between the city and the railroad company to construct the two crossings was in violation of Sections 357.01-357.06, F.S.A., Florida East Coast Ry. Co. v. City of Miami, 76 Fla. 277, 79 So. 682, 1 A.L.R. 303 and Atlantic Coast Line R. Co. v. Duval County, 114 Fla. 254, 154 So. 331, seem to be conclusive and-answer the question contrary to the contention of appellant. These cases hold that a city can purchase a right of way over the lands of the railroad company and pay for it in cash or in consideration of benefits derived from opening the street. In the latter case the Court also held that the property of the railroad company cannot be taken without compensation for to do so would be in violation of Section 29, Article 16 of the Constitution, F.S. A. Any further answer to this question would be superfluous.
As to the controversy about the location of the crossings, it is contended (1) that the master plan required that the first crossing be located at N.E. 4th Avenue and that the second crossing be located at N.E. 14th Street while the contract required that the first crossing be located at N.E. 3rd Avenue and that the second crossing be located at N.E. 13th Street.
If this aspect of the controversy is not moot account of the fact that the crossings have been constructed and are now in use, no injunction or supersedeas bond having been posted or required, then it is without merit as to the N.E. 13th Street crossing because the plaintiffs did not introduce any evidence or attempt in any other way to show damage to them or their property account of the construction of said crossing. Metropolis Pub. Co. v. City of Miami, 100 Fla. 784, 129 So. 913; Rickman v. Whitehurst, 73 Fla. 152, 74 So. 205.
A.s to the crossing at N.E. 13th Street, we are unable to see that it violated the city’s master plan; on the other hand it appears to have been in substantial compliance with the master plan. In view of all that appears from the record, the city plan was not intended as a strait-jacket to throttle public improvements but it was intended merely as guide to lead the city in the conduct of any project for public or necessary improvements. Examination of the plan and city charter, Chapter 24514, Special Acts of 1947, leaves no escape from this conclusion.' ) There is likewise no escape from the conclusion that the contract between the city and the railroad company for construction of the two crossings was legal and binding on both parties.
The judgment appealed from is therefore affirmed.
Affirmed.
MATHEWS, C. J., ROBERTS, J„ and SANDLER, Associate Justice, concur.