ROBERTS, Justice.
This controversy is between the Town of Medley, plaintiff-appellee, and Mr. and Mrs. Pocock, defendants-appellants, as to the rights of the parties, respectively, in and to a 60-foot right-of-way for a public road across the Pocock’s land.
The road in question was laid out in 1921 by Dade County upon the petition of freeholders living in the area, pursuant to the provisions of Chapter 4338, Laws of 1895, Section 343.05, Fla.Stat.1953, reenacted as Section 336.07, Fla.Stat.1955, F.S. A. The order of the county commissioners entered in the statutory “laying out” proceedings declared the routes therein described to be “public roads all requirements of law having been complied with,” and recited that such routes were “to be declared a right-of-way at least sixty feet wide, the north edge of said right-of-way to be sixty (60) feet south of present canal.” A portion of the right-of-way was first graded (to a portion of its width) in 1924 by the County along an existing railroad grade, but it does not appear to have been opened up for, usable, or used as a public road until 1932. The County has graded the road (but not more than 20 feet in width) at least once every two years from that date. It appears, however, that at least as early as 1937 Mr. Pocock and the County were at odds over the road and the right of the county to improve it; and when the Town of Medley was incorporated and the road came under its jurisdiction, the Town encountered the same difficulty with Mr. Pocock when it sought to pave and widen the road.
The instant suit was filed by the Town to enjoin the Pococks from interfering with its use of the 60-foot right-of-way and to compel the removal of a fence and his home (one-half of which encroaches upon the 60-foot right of way) therefrom. The Pococks filed a cross complaint, alleging that they had exercised domain over and occupied the land as their home, and paid taxes thereon, for more than thirty years and had never knowingly dedicated it or divested themselves of any title or interest therein. They prayed that the court declare that the Town had no right or title to any portion of their land and that the Town be required to reimburse them for their costs and attorney’s fee and “other reasonable expenses and damages incurred or sustained by Cross-Plaintiffs in and as a result of this action.” The Chancellor heard the evidence and found that the 60-foot right-of-way had been “dedicated and declared to be a public road” by virtue of the order of the county commissioners in the “laying out” proceedings referred to above and required the Pococks *164 to remove all obstructions from the right-of-way except their home. His decree authorized the Pococks to live in their home, without moving it, for the remainder of their lives. The Pococks have appealed.
We find nothing in the re,cord to support the finding by the Chancellor that the right-of-way in question had been “dedicated” to public use. Statutory proceedings looking toward the establishment of a county road, taken under Section 336.-07, supra, do not amount to a statutory dedication of the road laid out in such proceedings, insofar as the right of the landowners to compensation is concerned. The import of this Act “is to prescribe a rule for the initiation of proceedings to establish, change, or discontinue a public road.” Baskin v. State ex rel. Tracy, 1934, 115 Fla. 392, 155 So. 655, 656. It merely prescribes a method by which the county may thereafter proceed to condemn lands for county road purposes (and was the only method by which a county could do so at the time it was originally enacted in 1895) or otherwise acquire a right-of-way for such purpose. The fact that the road has been laid out and opened pursuant to such proceedings does not relieve the county from the duty of complying with the requirement of Section 29 of Article 16 of our Constitution, F.S.A., that before any private property or right-of-way can be appropriated to the use of any corporation or individual, full compensation therefor shall be made to the owner. Atlantic Coast Line R. Co. v. Duval County, 1934, 114 Fla. 254, 154 So. 331.
Nor does the fact that Mr. Po-cock may have signed the petition for the establishment of the road (which Mr. Po-cock denied at the trial) amount to a dedication of his property to public use, in and of itself. Whether an- express or an implied dedication is relied upon, the intention of the owner to set apart the lands for the use of the public is the foundation and essence of every dedication. City of Palmetto v. Katsch, 86 Fla. 506, 98 So. 352. And the proof of this fact must be clear, satisfactory and unequivocal., Miller v. Bay-To-Gulf, 141 Fla. 452, 193 So. 425. While the signing of the petition may be considered, with other facts, on the question of whether there was an intention to dedicate the land to public use, Gray v. Haas, 1896, 98 Iowa 502, 67 N.W. 394; Horton v. Okanogan County, 1917, 98 Wash. 626, 168 P. 479; Terrell v. Hart, Ky.1906, 90 S.W. 953, it is not conclusive of such an intent, nor does it amount to a waiver or release of the right to compensation or work an estoppel in pais against the signer. McKee v. Hull, 1887, 69 Wis. 657, 35 N.W. 49. Except for his purported signature to the petition, there is nothing in the record to evidence such an intention on the part of Mr. Pocock—in fact, the evidence is all to the contrary.
Nor is the opinion of this court in Zaucha v. Town of Medley, Fla.1953, 66 So.2d 238, decisive of the question of whether there had been a “dedication” of the entire 60-foot right-of-way, as was apparently held by the Chancellor—even if it be assumed that this decision is binding on the Pococks. That case was concerned with the location of the northeasterly boundary line of the road in question- — • the Zauchas contending that they could not be charged with notice of the boundary line of the right-of-way, as laid out in the 1921 proceedings, since there was no record of the county commissioners’ “laying out” order in the office of the clerk of the circuit court. And, as shown by the original record, the final decree in that case expressly stated that it “was not determinative of the width of the right of way of the road * * * but is determinative of the location of the northeasterly boundary line of the said right of way.”
It was shown in the instant case, as in the Zaucha case, that the 1921 proceedings were in compliance with the statutory requirements and were effective to designate the right-of-way in question as a county road, in the same way as an Act of the *165 Legislature is effective to designate a state road. Dozens of so-called road designation bills are passed at each session of the Legislature; but, to our knowledge, no one has. ever contended that such legislative Acts amount to a dedication to public use of the road so designated, nor that the state can open up the road to public use without first compensating the landowners.
In the absence, then, of any showing of dedication, grant, release, or a taking by condemnation proceedings of the strip of land in question, the Town has no right to use it for road purposes without compensating the Pococks therefor unless the Pococks have lost or abandoned their right to compensation. “Property unlawfully taken without compensation is not public property until it is paid for, or until the right to recover compensation for it is lost or abandoned, even though it has been devoted to the county benefit and is being used in the orderly administration of county government, such as for purposes of a highway and the like.” Hillsborough County v. Kensett, 107 Fla. 237, 138 So. 400, 144 So. 393, 395. The question of whether the Pococks have lost or abandoned their right to compensation was apparently not decided by the Chancellor since, as noted, his final decree was based on a finding that the right-of-way had been “dedicated and declared to be a public road” by virtue of the statutory “laying out” proceedings in 1921; and he made no formal disposition of the Pococks’ counterclaim.
Since the opening up of a county road designated as such in proceedings had under Section 336.07, supra, is not, per se, a valid appropriation of lands to public use, Atlantic Coast Line R. Co. v. Duval County, supra, 154 So. 311, the decree appealed from must be reversed; but the cause should be remanded for further proceedings on the question of whether the Po-cocks have lost or abandoned their right to compensation. In this connection the attention of the parties is directed to the provisions of Chapter 17307, Laws of Florida, 1935, Section 341.59, Fla.Stat.1953, reenacted as Section 337.31, Fla.Stat.1955, F.S.A., providing that county road maintained, kept in repair or worked continuously by the county for a four-year period “shall be deemed to be dedicated to the public to the extent in width which has been actually worked * * and the opinion of this court in Palm Beach County v. South Florida Conservancy Dist., 1936, 126 Fla. 170, 170 So. 630.
Reversed and remanded with directions.
DREW, C. J., O’CONNELL, J., and CROSBY, Associate Justice, concur.