314 F.2d 445
 Seymour GIDEON, E. J. Arnold, M. H. Howell, Charles W.
Leighton, and Guy F. Boyd, as and constituting the
Board of County Commissioners of Martin
County, Florida, Appellants,
v.
TUSCBAY PROPERTIES, INC., and Falmouth Limited, Appellees.
 No. 19268.
 United States Court of Appeals Fifth Circuit.
 Feb. 13, 1963.
 
 C. R. McDonald, J., E. O. Denison, Fort Pierce, Fla., Dean Tooker, Stuart, Fla., for appellants.
 Harry W. Stewar, Jr., John S. Call, Jr., Kenneth I. Van der Hulse, J. Field Wardlaw, West Palm Beach, Fla., for appellees.
 Before JONES and BELL, Circuit Judges, and ESTES, District Judge.
 JONES, Circuit Judge.
 
 
 1
 The district court dismissed the appellants' third amended complaint for failure to state a claim upon which relief could be granted. The appellants, as members of the Board of County Commissioners of Martin County, Florida, originally brought an action in a Florida court seeking injunctive relief against the appellees, land owners in Martin County, Florida, to restrain such owners from obstructing what the appellants claim to be public roads running through the appellee owners' several properties and to have such roads declared by the court to be public roads of Martin County. The cause was removed from the state court to the federal district court, with federal jurisdiction based upon diversity of citizenship. The original, the first amended, and the second amended complaints in the district court were, on motions by the appellees, dismissed with leave to amend. The third amended complaint was dismissed with prejudice, and from the order of dismissal this appeal is taken.
 
 
 2
 From the third amended complaint and attached exhibits it appears that the lands in question are contiguous parcels, owned separately by the appellees, which make up a portion of Hutchinson Island in Martin County, Florida. The appellants allege that, during 1957, one or both of the appellees built or caused to be built a substantial concrete wall across the northern boundary of appellee Tuscbay's property, cutting completely across Hutchinson Island at that point and effectively obstructing two alleged public roads which, the appellants contend, cross the said boundary line and continue through the properties of the appellees.
 
 
 3
 Two separate theories are advanced in the third amended complaint as grounds for the relief sought. First, the appellants assert the existence of a 'Statutory Road,' allegedly created by the County in 1926 pursuant to a Florida statute then in effect. Second, they assert the existence of a 'Use Road,' allegedly acquired by prescription through continuous, open and adverse public use for some 31 years prior to the building of the wall. The roads thus asserted to be public in nature do not follow the same route for their entire lengths, but do share a common terminus, a bridge over the Indian River at the north end of the island; and they do coincide in the vicinity of the wall built by the appellees with both obstructed by the wall at the same point. Thus, it is contended, if either of the two roads were held to be public in nature, the obstruction would be unlawful.
 
 
 4
 The order of the district court having stricken down the entire complaint, the scope of this Court's inquiry is to determine whether the third amended complaint states any claim upon which relief could be granted. The Supreme Court has recently restated the nature of the test to be applied in making such a determination:
 
 
 5
 'In appraising the sufficiency of a complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 1957, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80.
 
 
 6
 The first of the claims for relief advanced in the complaint-- the existence of a public 'Statutory Road' obstructed by the wall-- is based on the action, alleged as being final, taken in 1926 by the Board of County Commissioners of Martin County in compliance with Florida statutes then in effect. These statutes, Sections 1592 and 1593, Revised General Statutes of Florida, 1920,[1] authorized the initiation of proceedings to establish a public road by first designating the route thereof, after which the County was authorized and empowered to acquire title or right of way by deed or condemnation. Even if the complaint were to allege compliance by the Board with each and every step set forth in those Section, no claim would be stated under Florida law in the absence of an allegation of a proper taking by the Board in compliance with Section 29 of Article 16 of the Florida Constitution, F.S.A. The two Sections, 1592 and 1593, did not, as the appellants apparently contend, constitute a self-sufficient and self-executing method by which private property might be taken for public use. See Pocock v. Town of Medley, Florida, 1956, 89 So.2d 162, where the Supreme Court of Florida said:
 
 
 7
 'The fact that the road has been laid out and opened pursuant to such proceedings (under the above sections, as amended) does not relieve the county from the duty of complying with the requirement of Section 29 of Article 16 of our Constitution, F.S.A., that before any private property or right-of-way can be appropriated to the use of any corporation or individual, full compensation therefor shall be made to the owner.'
 
 
 8
 No further action by the County other than compliance with Sections 1592 and 1593 is pleaded in the complaint, and therefore the claim of the existence of a 'Statutory Road' was properly dismissed for having failed to state a claim upon which relief could be granted under Florida law.
 
 
 9
 The second basis for relief advanced in the third amended complaint is the existence of a public 'Use Road' established by prescription and running through the appellees' properties. Florida recognizes the acquisition of easements by prescription in favor of the public as well as in favor of private individuals. Couture v. Dade County, 1927, 93 Fla. 342, 112 So. 75; Zetrouer v. Zetrouer, 1925, 89 Fla. 253, 103 So. 625. In diversity cases, the question is whether the appellants have stated such a claim for relief as would be cognizable in the state court. Gay v. Heller, 5th Cir., 1958, 252 F.2d 313. The Supreme Court of Florida has recently restated the pleading requirements under Florida law in public easement cases:
 
 
 10
 'It was necessary * * * to allege * * * (1) that the public had the continued and uninterrupted use or enjoyment of the * * * lands for a roadway for a period of at least twenty years prior to the barricading thereof * * *, (2) the identity of the roadway, i.e. its route, termini, and width, and (3) that the use or enjoyment was adverse or under claim of right.' Downing v. Bird, Fla.1958, 100 So.2d 57, 65.
 
 
 11
 The first and third of these requirements are, without question, satisfied in the appellants' pleadings. The second, the requirement that the claimed roadway be located and identified, is not met. Paragraph 16 of the third amended complaint refers to the location of the 'Use Road' as follows:
 
 
 12
 'The General Public initiated the use of a road from the eastern end of said bridge in an easterly direction to a point near the shore of the Atlantic Ocean, thence extending in a southerly direction to a point near the St. Lucie Inlet in Section 8, Township 38 South, Range 42 East, a distance of 5 1/2 miles, the exact route and location of said road being specifically located and platted upon Exhibit 9 and marked 'Use Road' and/or outlined in green.'
 
 
 13
 Further, in Paragraph 17, the appellants state, 'That said Use Road was 16 feet in width being 8 feet on each side of the center line thereof, measured at right angles.' The map referred to in Paragraph 16 of the complaint has drawn across it an irregular, roughly sketched line. There are no surveyor's coordinates or other specific references relating the line thus drawn to any point in space on the map.
 
 
 14
 In Crosier v. Brown, 1909, 66 W.Va. 273, 66 S.E. 326, 25 L.R.A.N.S., 174, cited on this point by the Florida court in Downing v. Bird, supra, the action involved the attempted establishment of a private way over the land of the defendant. The complaint described the way as being 'over a portion of the land of the defendant, * * * about 500 yards in length, passing from near the western line of said tract through the western portion * * * to the public road.' In holding this allegation to be insufficient as a matter of law to identify the easement claimed, the court emphasized the impossibility of exactly locating the route from the description in the complaint: 'Many years hence, when living witnesses of its present place are dead, it becomes a question as to location. Recourse is had to this record. It will reflect no light by plat of delineation or other decisive or significant description.' The test formulated by the West Virginia court and adopted by the Supreme Court of Florida is one which requires a description sufficient to enable the way to be located from the pleadings themselves. The Supreme Court of Florida has stated the test, somewhat more succinctly, as follows:
 
 
 15
 'It is not necessary to describe in the bill of complaint the servient tenements by metes and bounds, if the allegations of the bill sufficiently identify and locate the property and the way so that they can be definitely located.' Kotick v. Durrant, 143 Fla. 386, 196 So. 802.
 
 
 16
 Measuring the third amended complaint by the test so stated, we conclude that it is insufficient in its description of the location of the way claimed by prescription, and therefore fails to state a claim under Florida law upon which relief could be granted. A curving, wandering way some 5 1/2 miles in length is claimed, described only in the most general terms and represented by a map on which only one point, the terminus at the entrance to the bridge, is located with specific reference to any other. To locate and establish the claimed roadway with the degree of certainty required by Florida law would, using only such a description, be impossible.
 
 
 17
 Since the question was not raised in the district court, we do not consider the effect of the failure of the County Commissioners to comply with the Florida statute requiring that they must sue in the name of the County. Fla.Stat.Ann. 125.15; 8 Fla.Jur. 262, Counties 119.
 
 
 18
 Having concluded that the third amended complaint fails to state a claim, under either theory advanced, upon which relief could be granted, and finding no error in dismissing the complaint with prejudice, the order of the district court is
 
 
 19
 Affirmed.
 
 
 
 [1]
 Amended 343.04 and 343.05, Florida Statutes 1941, 336.07 Florida Statutes 1955; repealed Chapter 57-776(4) General Laws of Florida 1957